UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD G. TOPPINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01356 ERW |
| | ) | |
| 3M COMPANY, as successor by merger to MINNESOTA MINING AND MANUFACTURING CO., and/or its predecessors/successors in interest, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant 3M Company's Motion to Stay [doc. #4]. On July 29, 1991, the Judicial Panel on Multidistrict Litigation (the "MDL") entered an order establishing MDL-875, *In Re Asbestos Products Liability Litigation*, 771 F.Supp. 415 (Jud. Pan. Mult. Lit. 1991), transferring a large number of cases involving allegations of personal injury or wrongful death caused by asbestos to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The order also applies to "tag-along" actions filed after January 17, 1991. Defendant has notified the MDL that this case is a potential tag-along action. In its Motion, Defendant requests that this Court stay these proceedings pending the MDL's decision regarding whether this case will be transferred to the Eastern District of Pennsylvania. Plaintiff opposes the Motion, arguing that his claim is based on a failure of Defendant's product and involves unique issues not present in MDL-875. Plaintiff states that he would be injured by a stay.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997); MDL Rule 1.5 (pendency of a motion does not affect pretrial proceedings in district court and does not limit pretrial jurisdiction of the court). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Rivers*, 980 F.Supp. at 1360.

The Court first considers judicial economy interests. Defendant states that it currently has other cases pending on the MDL-875 docket, most of which involve product liability complaints regarding 3M respiratory protection equipment in which the plaintiffs claim personal injuries resulting from exposure to asbestos. According to Defendant, the instant case is similar to these MDL-875 cases. Plaintiff concedes that his claims are asbestos-related, but argues that his claims are unique because they also involve exposure to silica dust. This Court need not determine whether Plaintiff's claims are unique, as advocated by Plaintiff, or whether this case should be transferred, as advocated by Defendant. That determination will be made by the MDL panel. It does appear at least plausible that the MDL panel will accept transfer and, in any event, that the MDL will make its determination in the near future.[1] Judicial economy weighs in favor of granting the request for a temporary stay pending a decision by the MDL panel.

The Court also considers the potential prejudice to the parties. Plaintiff contends that his ability to obtain discovery from witnesses employed or controlled by Defendant would be hampered

---

[1] According to Defendant, the MDL panel is scheduled to meet in January 2006, and a decision regarding whether to accept this matter as a tag-along action is expected in the near future. Plaintiff has not disputed this assertion.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

if a stay is issued. According to Plaintiff, some of the information needed from these witnesses goes back in time to as early as 1972, and a delay in obtaining depositions and documents would severely prejudice his case. The Court concludes that, although Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial efficiency concerns described herein. Moreover, the stay is temporary and for a relatively short duration of time. Therefore, Defendant's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 3M Company's Motion to Stay [doc. #4] is **GRANTED**.

Dated this 3rd day of January, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com